UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BLAIR,<br><br>        Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-01156-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO COMPLY WITH FEDERAL RULES OF CIVIL PROCEDURE<br><br>[ECF No. 1] |

      Plaintiff Perry C. Blair is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff filed the instant complaint on July 24, 2014. For the reasons set forth below, the Court finds that Plaintiff's complaint must be dismissed. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. The Court will provide Plaintiff with the legal standards that appear to apply to the claims.

**I.**

**SCREENING REQUIREMENT**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff's complaint is three hundred and eighteen pages (sixty one of which contain handwritten allegations and prayer for relief) in length and is incorporated, without reference, with exhibits. Plaintiff raises several different allegations against several different individuals, including cruel and unusual punishment, conspiracy, failure to protect, falsification of documents, due process violations, deliberate indifference to a serious medical need, and negligence.

Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1). A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal

Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b).

Where the factual elements of a cause of action are present, but are scattered throughout the complaint and are not organized into a short, plain statement of the claim, dismissal for failure to satisfy Rule 8 if proper. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (explaining complaint should set forth who is being sued, for what relief, and on what theory, with enough detail to provide notice to defendants).

The function of the complaint is not to list every single fact relating to Plaintiff's claims. Plaintiff's three hundred and eighteen page complaint sets forth a multiple of claim (some related and some unrelated) against a multitude of Defendants. It is so mired in extraneous facts, various issues related and unrelated, and legal arguments that it fails to comply with Rule 8(a). Some of Plaintiff's claim may be cognizable under 1983, but it is not the function of the court to attempt to find them in a complaint that is in violation of Rule 8 of the Federal Rules of Civil Procedure. Thus, Plaintiff is being given the applicable standards based on his stated claims and leave to file a first amended complaint.

Plaintiff is advised that the submission of evidence, by way of exhibits, is premature at this point in the proceedings as Plaintiff is only required to state a prima facie claim for relief via his factual allegations. Thus, in amending his complaint, Plaintiff need only state concisely the facts upon which he alleges a defendant has violated his constitutional rights. If Plaintiff feels compelled to submit exhibits with an amended complaint, he is advised that such exhibits must be attached to the amended pleading and must be incorporated by reference. Fed. R. Civ. P. 10(c). With regard to exhibits that are properly attached and incorporated, Plaintiff is cautioned that it is the Court's duty to evaluate the factual allegations within a complaint, not to wade through exhibits, to determine whether cognizable claims have been stated.

Further, if Plaintiff attaches exhibits to an amended complaint, each exhibit must be specifically referenced. For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "see Exhibit A,

page 3"). Finally, Plaintiff is advised that the Court must assume that Plaintiff's factual allegations are true. Therefore, it is generally unnecessary for Plaintiff to submit exhibits in support of the allegations in a complaint.

### III.

### DISCUSSION

#### A. Rule 18 and 20 of the Federal Rules of Civil Procedure

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court advises Plaintiff that each claim that is raised in his second amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Fed. R. Civ. P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

#### B. Cruel and Unusual Punishment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While

conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

### C. Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).

### D. Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer v. Brennan, 511 U.S. 825, 833 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. )). Additionally, an officer

can only be held liable for failing to intercede if he had a realistic opportunity to intercede and failed to do so. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

### E.     Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition "[s]ome evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

### F.     Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act

or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

### G. Negligence

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal.App.4th 983, 994, 70 Cal.Rptr.3d 519 (2008) (internal quotations omitted)).

"In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. There is no conceivable reason why Plaintiff should need more than twenty-five pages to identify his claims and the specific facts that support those claims. Accordingly, absent further order of this Court for good cause showing, Plaintiff's amended complaint, if he chooses to file one, may not exceed twenty-five pages in length.

///

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint, filed July 24, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff's amended complaint SHALL be limited to 25 pages, excluding exhibits; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to comply with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **November 7, 2014**

_____
UNITED STATES MAGISTRATE JUDGE