UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BLAIR,<br><br>   Plaintiff,<br><br>  v.<br><br>CDCR, et al.,<br><br>   Defendants. | Case No.: 1:14-cv-01156-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE SECOND AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>THIRTY-DAY DEADLINE |

Plaintiff Perry C. Blair is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's first amended complaint, filed December 18, 2014. (ECF No. 9.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is
2  entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
3  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4  do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,
5  550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally
6  participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,
7  Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

8  Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings
9  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now
10 higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive
11 screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow
12 the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,
13 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer
14 possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely
15 consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556
16 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

Plaintiff names the California Department of Corrections and Rehabilitation, California Substance Abuse and Treatment Facility in Corcoran, Lieutenant J. Johnson, Lieutenant Ybarra, Sergeant A. Chan, officer O'Dnaiels, officer F. Franco, officer A. Santos, officer Sanchez, Cherita Wofford, and Robert A. Barton as Defendants.

Plaintiff contends that his rights under the Eighth Amendment were violated when Defendants enforced a policy that required Plaintiff to double cell with other incompatible inmates. Plaintiff contends that he was forced to accept incompatible cellmates or he would receive a rules violation report for refusing a cellmate.

Plaintiff contends that on two separate occasions, he informed the compaction initiating officer that he was not compatible with future cellmates Rouise and Trotter based on their rival gang

2

1  status.  Plaintiff was found with two separate inmate manufactured weapons and at his hearings he
2  informed staff that he was in possession of weapons because he feared for his safety based on the
3  incompatible cellmates.

4  Plaintiff was subsequently housed with incompatible cellmate Baker (a rival gang member).
5  Plaintiff submitted two investigative reports informing prison officials that he was not suitable for cell
6  compaction with inmate Baker.

7  Plaintiff was also found guilty of constructive possession of contraband by Lieutenant Johnson.
8  When Plaintiff informed Lieutenant Johnson that he was improperly placed with three different
9  incompatible cellmates, Lieutenant Johnson stated, "if you['re] scared you coward ass mother fucker
10 go [security needs yard]… that's what wrong with the new generation-you['re] all pussies-back in the
11 days inmates would just handle their business and accept the consequence."  Plaintiff replied, "nah,
12 you['re] the bitch! Cuz back in the days [officers] wouldn't wait til inmates were in restraints to
13 disrespect us-they would fight us like men and leave it at that.  Now ya'll only attack or disrespect us
14 once we're defenseless and you still come in packs-then write us up.  Nay you['re] the true definition
15 of coward."  (ECF NO. 9, 1st Amd. Compl. at 9-10.)

16 Both Plaintiff and inmate Baker informed the compaction initiating officer, J. Alva, that they
17 were rival gang members, they fought each other back in 2007 at the county jail, and they both did not
18 feel comfortable being housed in the same cell.

19 Officer J. Alva and Sergeant A. Chan both instated that their personal property would be
20 immediately confiscated, both would be issued a rules violation report, and both would receive
21 extensions of their security housing unit terms for failing to comply the housing placement.  Plaintiff
22 and inmate Baker were compelled to submit their approval for housing out of fear of reprisal.

23 After the cell compaction was done, prison officials continually tried to institute a fight
24 between Plaintiff and inmate Baker.  Finally, officers O'Daniels and Franco ordered Plaintiff and
25 inmate Baker to "cuff up" and Plaintiff was placed in a cage.  O'Daniels told Plaintiff "ya'll are being
26 moved to cell 250 because Baker is given his female psyche tech love letters addressed from and she's
27 uncomfortable with ya'll cell being so close to her office."  Once in the new cell, Plaintiff and Baker
28 requested to be separated because officer Franco told inmate Baker that Plaintiff "was a snitch and

3

they were being moved to the thunder dome cell to handle their business. In response, officer O'Daniels replied, "not until after ya'll handle your business that [sic] why your over here now so no one can hear the screams and no I not get the Sgt. So stop whining you bitches."

On September 5, 2013, Plaintiff sent a request form to Lieutenant J. Johnson explaining the in-cell animosity and requested separation, but he received no response. Approximately three to four days later, an altercation between Plaintiff and inmate Baker took place resulting in physical injuries, including lower back pain, black eye, and asthma attack.

Medical staff ignored Plaintiff's numerous requests for a back brace and cane to treat his injuries, along with medication to treat the pain.

On September 28, 2013, officer Sanchez escorted inmate Russ to Plaintiff's cell to initiate another cell compaction. During the interview between Plaintiff and inmate Russ, Plaintiff informed Russ that he was Jewish and Russ yelled in an aggressive manner that he was Muslim. As such, Plaintiff could not be celled with inmate Russ. Officer Sanchez replied, "you['re] going to get wrote up for refusing a cell and [were] going to take your shit. Stop it well all know your Black ass ain't no Jewish. First off Jewish people ain't Blacks, Black people can't be Jews. Haven't you heard of the curse of ham?" Plaintiff responded that the comment was "racist" and simply wrote, "I'm not refusing a celly but I'm refusing to accept responsibility for any in cell violence that may occur as a result of placing us incompatible inmate in a cell together." Sergeant Chan and officer Sanchez issued Plaintiff a rules violation report and confiscated his personal property, which impeded his ability to practice his religion.

On October 10, 2013, officer A. Santos indicated to Plaintiff that he would be his investigative employee with regard to Plaintiff's rules violation hearing, Log Number ASE-13-09-002 "fighting with inmate Baker" and Log Number ASE-13-09-018 "delaying a officer and refusing a celly." Despite Plaintiff submitting a formal list of assignments regarding the hearing, officer Santos merely told Plaintiff to plead guilty. Lieutenant Ybarra acknowledged that it was a mistake to refer to Plaintiff as a sensitive needs yard inmate and found Plaintiff guilty of both charges.

On November 7, 2013, Plaintiff and inmate Badelle were housed together and were compatible cellmates. However, officer O'Daniels approached Plaintiff's cell to initiate a swap of cellmates.

When Plaintiff asked the purpose of the swap, O'Daniel's replied "are you refusing another celly? Cuz you already know what comes along with that. Stop acting like a bitch and handle your business with writing us up. 1 602 won't get you no where in my house. Who do you think send'em out? Or I can take your cells TV for refusing." Plaintiff told inmate Badell that they were better off just fighting, and Plaintiff, inmate Badell started fighting with inmates Dawson and Montgomery.

## III.

## DISCUSSION

### A.  California Department of Corrections and Rehabilitation and Corcoran State Prison as Defendants

The State of California's Department of Corrections and Rehabilitation ("CDCR") and any state correctional agency under its jurisdiction are not persons subject to suit under § 1983. Hale v. State of Arizona, 993 F.2d 1387, 1398-1399 (9th Cir. 1993). Thus, if by naming the CDCR and Corcoran State Prison Plaintiff seeks to sue the State of California itself, his claims are clearly barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt … that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such suit."). Therefore, Plaintiff cannot bring a claim for damages against the CDCR or any prison within the CDCR.

### B.  Supervisory Liability

Plaintiff seeks to impose liability against the Warden at Corcoran State Prison at the Substance Abuse and Treatment Facility in Corcoran.

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of

1  Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.
2  1997).

3        Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory
4  liability claim against the Warden. The only basis for such a claim would be respondeat superior,
5  which is precluded under section 1983. Accordingly, Plaintiff does not state a cognizable claim
6  against the Warden.

### C. Failure to Protect – Incompatible Cellmates

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

In addition, if failure to protect is alleged, the defendant must have had a reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 at n.3 (1st Cir. 1991). Prison officials must provide prisoners with personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Based on Plaintiff's allegations in the complaint, Plaintiff states a cognizable claim for failure to protect against J. Alva, A. Chan, O'Daniels, Lieutenant Johnson, and Franco.

///

### D. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Although Plaintiff contends that he suffered several injuries as a result of the altercation, for which he was denied proper medical treatment, Plaintiff fails to link any individual to an affirmative act or omission giving rise to his alleged constitutional violation. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need.

### E. Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). Although Plaintiff claims a conspiracy, Plaintiff fails to demonstrate an agreement or meeting of the minds to support such a conspiracy claim. Accordingly, Plaintiff fails to state a cognizable claim for conspiracy.

### E. Due Process Violation-Disciplinary Hearing

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556,

(1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition "[s]ome evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

Although Plaintiff alleges in conclusory terms that officer Santos told him to plead guilty because he was guilty of the charges, he alleges no particular due process violation, and references only a list of alleged "assignment" without any specification what those assignments were and how it related to his due process rights at the rules violation hearing. Accordingly, Plaintiff fails to state a cognizable claim due process claim.

**F.     Inmate Appeals Process**

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff does not state a constitutional violation based on the handling and/or denial of his inmate grievances. Accordingly, Plaintiff fails to state a due process violation relating to the inmate appeals process.

### G. Access to the Court

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Although Plaintiff makes reference to the fact that he has been denied access to the court, he does not support his claim with any factual allegations to show "actual prejudice to contemplated or existing litigation," and Plaintiff fails to state a cognizable claim.

### H. Free Exercise of Religion and Religious Land Use

In his complaint, Plaintiff, who is Jewish, alleges only that his temporary placement with a cellmate who was Muslim violated his to freely exercise his religion, in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA).

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008), and RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means,'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quoting Warsoldier v. Woodford, 418 F.3d 989, 997-98 (9th Cir. 2005)).

To state a claim for violation of RLUIPA, Plaintiff must allege facts plausibly showing that the challenged policy and the practices it engenders impose a substantial burden on the exercise of his religious beliefs; Plaintiff bears the initial burden of persuasion on this issue. Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1124-25 (9th Cir. 2013) (quotation marks omitted).

In this instance, Plaintiff's complaint fails to set forth sufficient facts in support of his claim that his rights under the Free Exercise Clause and RLUIPA are being violated. Therefore, Plaintiff fails to state a cognizable claim for relief.

## IV.

## CONCLUSION AND ORDER

Plaintiff's amended complaint states a cognizable claim against Defendants J. Alva. A. Chan. O'Daniels. Lieutenant Johnson, and Franco for failure to protection in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for excessive force against Defendants J. Alva, A. Chan, O'Daniels, Lieutenant Johnson, and Franco, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff five (5) summonses and five (5) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

10

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File a second amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants J. Alva, A. Chan, O'Daniels, Lieutenant Johnson, and Franco for failure to protect; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **February 20, 2015**

UNITED STATES MAGISTRATE JUDGE