1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   PERRY C. BLAIR, | ) Case No.: 1:14-cv-01156-LJO-SAB (PC) |
| 12          Plaintiff, | )<br>) |
| 13       v. | ) FINDINGS AND RECOMMENDATION<br>) REGARDING PLAINTIFF'S REQUEST FOR A<br>) PRELIMINARY INJUNCTION AND |
| 14   CDCR, et al., | ) TEMPORARY RESTRAINING ORDER<br>) |
| 15          Defendants. | ) [ECF No. 21]<br>) |
| 16 | ) |

17        Plaintiff Perry C. Blair is appearing pro se and in forma pauperis in this civil rights action

18 pursuant to 42 U.S.C. § 1983.

19        On October 23, 2015, Plaintiff filed a request for a preliminary injunction and temporary

20 restraining order.  Plaintiff contends that officers falsified rules violation reports labeling Plaintiff as a

21 snitch and classified him as a security needs yard inmate.   While Plaintiff was serving a term in the

22 Security Housing Unit, Plaintiff was involved in a mutual combat on August 31, 2015.  In the

23 investigation following the incident, officer Fitzpatrick discovered that Lieutenant J. Johnson falsified

24 the rules violation report on Plaintiff.  Officer Fitzpatrick subsequently falsified his rules violation

25 report.  Plaintiff seeks an order compelling officers to present a video recording of their interrogation

26 of Plaintiff on August 31, 2015.  Plaintiff also contends that he is in need of an order compelling

27 access to the law library, legal materials, and medication and appliances.

28

On September 18, 2015, the Court found this action was allowed to proceed on the following claims relief: 1) retaliation against Defendant Johnson; 2) cruel and unusual punishment in violation of the Eighth Amendment against Defendants Johnson, Ybarra, Alva, Chan, O'Daniels, Franco, Sanchez, Esqueda, Santos, and John Doe (Assistant Warden); 3) deliberate indifference to a serious medical need against John Does #3, 4, 5, and 6; and 4) due process violation against Defendants Santos, Esqueda, and Ybarra.  (ECF No. 17.)  The Court directed Plaintiff to complete and return the necessary service of process forms within thirty days for service by the United States Marshal.

As an initial matter, "a court has *no* power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) (emphasis added); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). In this case, no defendant has yet made an appearance; and the United States Marshal has not yet been ordered to effectuate service.  Whatever merit there might otherwise be to Plaintiff's request for a preliminary injunction, at this juncture the Court lacks personal jurisdiction over the defendants and it cannot issue an order requiring them to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138-39.

In addition, the Court's jurisdiction is limited to the parties before it in this action and to Plaintiff's claim found to be cognizable in this action. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") (citation omitted); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012) ("[F]ederal courts may adjudicate only actual, ongoing cases or controversies.") (citation and internal quotation marks omitted).

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the

2

1   Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

2   Recommendation."  The parties are advised that failure to file objections within the specified time may

3   result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014)

4   (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

5

6   IT IS SO ORDERED.

7   Dated:    **October 29, 2015**

8                                                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28