# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BLAIR,<br><br>    Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01156-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF BE DENIED<br><br>[ECF Nos. 57, 58] |

Plaintiff Perry C. Blair is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court are Plaintiff's motions a temporary restraining order and preliminary injunction, filed October 3, 2016, and October 17, 2016.

## I.
## DISCUSSION

In his motions, Plaintiff seeks an order preventing his transfer back to Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), where the alleged events at issue in this action took place. Plaintiff indicates that on September 23, 2016, he was endorsed to be housed and transferred back to SATF, and such transfer will place Plaintiff's life in jeopardy. Plaintiff contends that correctional staff at SATF have been deliberately indifferent to his personal safety by distributing falsified documents to prisoner's labeling Plaintiff a "snitch" with instructions to attack him. (ECF

1  No. 57, Mot. at 1-2.)  Plaintiff further contends that if he is transferred back to SATF, prison officials
2  will resort back to denying him access to the court by disposing of his legal material and legal mail.
3  (ECF No. 58, Mot. at 1.)  Plaintiff therefore seeks a temporary restraining order and preliminary
4  injunction preventing his transfer back to SATF.
5        The analysis for a temporary restraining order is substantially identical to that for a preliminary
6  injunction. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th
7  Cir. 2001).  A preliminary injunction should not issue unless necessary to prevent threatened injury
8  that would impair the court's ability to grant effective relief in a pending action.  "A preliminary
9  injunction … is not a preliminary adjudication on the merits but rather a device for preserving the
10 status quo and preventing the irreparable loss of right before judgment." Sierra On-Line, Inc. v.
11 Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  A preliminary injunction represents the
12 exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo
13 Indus. V. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for
14 preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits,
15 that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
16 equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc., v. Selecky,
17 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7
18 (2008).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction
19 "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires
20 preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. §
21 3626(a)(2).  If the Court does not have an actual case or controversy before it, it has no power to hear
22 the matter in question.  Valley Force Christian Coll. V. Ams. United for Separation of Church and
23 State, Inc., 454 U.S. 464, 471 (1982).  Here, Plaintiff is proceeding on claims in this action which
24 amount an actual case or controversy.
25       However, the pendency of this action does not give the Court jurisdiction over prison officials
26 in general or over the conditions or location of Plaintiff's confinement.  Summers v. Earth Island
27 Institute, 555 U.S. 488, 492-493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).
28

1  The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims on
2  which this action is proceeding.  Summers, 555 U.S. at 492-493; Mayfield, 599 F.3d at 969.
3          Plaintiff's motions must be denied for lack of jurisdiction over the prison officials with the
4  authority to effectuate such a transfer.  "An inmate seeking an injunction on the ground that there is a
5  contemporary violation of a nature likely to continue, must adequately plead such a violation; …"
6  Farmer v. Brennan, 511 U.S. 825, 844-846 (1994) (citations and quotations omitted).   Plaintiff "must
7  [also] come forward with evidence from which it can be inferred that the defendant-officials were at
8  the time suit was filed, and are at the time [in question], knowingly and unreasonably disregarding an
9  objectively intolerable risk of harm, and that they will continue to do so; and finally to establish
10 eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the
11 remainder of the litigation and into the future."  Id. at 845-846.  At this stage of the proceedings, the
12 Court cannot determine the merits of such claim as it requires submission of evidence, versus only a
13 determination as to whether a claim has been plausibly stated.  Plaintiff's speculative and conclusory
14 allegations, relating to past incidents, are insufficient to warrant injunctive relief in this action and do
15 not constitute irreparable injury.  See Carribean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th
16 Cir. 1988).  That said, Plaintiff is not precluded from attempting to raise claims in a new action if he
17 believes his civil rights are being violated beyond his pleadings in this action.  The Court
18 acknowledges the serious nature of Plaintiff's allegations; however, the seriousness of Plaintiff's
19 accusations concerning his physical safety in this circumstance cannot and does not overcome the
20 jurisdictional bar.  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 103-104 (1998)
21 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-
22 controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing
23 its existence.")   Accordingly, Plaintiff's motions for a temporary restraining order and preliminary
24 injunction preventing his transfer to SATF must be denied.
25 ///
26 ///
27 ///
28 ///

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions for a temporary restraining order and preliminary injunction, filed October 3, 2016, and October 17, 2016, be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 9, 2016**

UNITED STATES MAGISTRATE JUDGE