# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BLAIR,<br><br>            Plaintiff,<br><br>      v.<br><br>CDCR, et al.,<br><br>            Defendants. | Case No.: 1:14-cv-01156-LJO-SAB (PC)<br><br>ORDER DISMISSING THIRD AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8<br><br>[ECF No. 56] |

Plaintiff Perry C. Blair is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's third amended complaint, filed September 28, 2016. (ECF No. 56.)

## I.

## PROCEDURAL HISTORY

This action is proceeding against Defendants Johnson, Ybarra, Alva, Chan, O'Daniels, Franco, Sanchez, Esqueda, Santos and John Doe (Assistant Warden) for cruel and unusual punishment in violation of the Eighth Amendment, against Defendant John Does # 3, 4, 5, and 6, for deliberate indifference to a serious medical need, and against Defendants Santos, Esqueda, and Ybarra for due process violations.

On February 9, 2016, Defendants filed a motion to dismiss the complaint for failure to state a cognizable claim for relief and a separate motion to sever claims. (ECF Nos. 31, 32.) Plaintiff filed an opposition on June 2, 2016, and Defendants filed a reply on June 9, 2016. (ECF Nos. 43-46.)

On July 15, 2016, the undersigned issued Findings and Recommendations recommending to grant in part and deny in part Defendants' motion to dismiss, deny, without prejudice, Defendants' motion to sever claims, and to grant Plaintiff's motion to amend and/or supplement the second amended complaint to cure the Rule 20 defect only. (ECF No. 52.)

The Findings and Recommendations were adopted in full on September 28, 2016, and Plaintiff's third amended complaint attached to his objections to the Findings and Recommendations was ordered to be filed. (ECF Nos. 55, 56.)

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named

defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.
### DISCUSSION

**A.    Federal Rule of Civil Procedure 8(a)(2)**

Plaintiff's April 8, 2016, second amended complaint is 64 pages long and includes 261 paragraphs of long and rambling allegations relating to several different claims against multiple Defendants.[1]  As noted above, the second amended complaint stated a claim for relief against Defendants Johnson, Ybarra, Alva, Chan, O'Daniels, Franco, Sanchez, Esqueda, Santos and John Doe (Assistant Warden) for cruel and unusual punishment in violation of the Eighth Amendment, against Defendant John Does # 3, 4, 5, and 6, for deliberate indifference to a serious medical need, and against Defendants Santos, Esqueda, and Ybarra for due process violations.  Plaintiff was granted leave only to cure the defects relating to the Rule 20 violation.  In addition, Plaintiff's requests for injunctive relief and official capacity claims for monetary damages were dismissed from the action.  (ECF No. 52,

Plaintiff has been previously advised that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).  While "plaintiffs [now] face a higher burden of pleading facts . . .," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt.  Hebbe v. Pliler, 627

---

[1] Plaintiff's original complaint was 61 pages, with 257 pages of exhibits (ECF No. 1), Plaintiff's first amended complaint was 30 pages (ECF No. 9), and Plaintiff's second amended complaint was 35 pages (ECF No. 14).

F.3d 338, 342 (9th Cir. 2010).

As Plaintiff was advised in the Court's November 7, 2014, screening order, "[w]here the factual elements of a cause of action are present, but are scattered throughout the complaint and are not organized into a short, plain statement of the claim, dismissal for failure to satisfy Rule 8 if proper. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (explaining complaint should set forth who is being sued, for what relief, and on what theory, with enough detail to provide notice to defendants). The function of the complaint is not to list every single fact relating to Plaintiff's claims." (ECF No. 8, Order at 3:3-8.)

In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, by name, did to violate the particular right described by Plaintiff. Plaintiff does not need to prove his case at this stage of the litigation. The court is only determining whether Plaintiff states a colorable claim. Legal argument and evidence are not required at this stage of the litigation. Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner. Finally, as Plaintiff's amended complaint must comply with Rule 18(a) and 20, the Court finds that twenty-five pages is sufficient for Plaintiff to raise his claims in this action. Accordingly, if Plaintiff chooses to amend the complaint, the amended complaint may not exceed **twenty-five pages** in length, and it will be stricken from the record if it violates this page limitation.

## IV.

## CONCLUSION AND ORDER

Plaintiff's third amended complaint is in violation of Federal Rule of Civil Procedure 8(a)(2). In the order granting Plaintiff leave to file a third amended complaint, the Court found that Plaintiff's second amended complaint presented unrelated claims and Plaintiff was granted leave to attempt to cure the Rule 20 violation, if he can do so. An amended complaint may only re-allege the violations presented in the second amended complaint, and address the deficiency regarding the Rule 20 violation. Plaintiff's third amended complaint is in violation of Rule 8's requirement that Plaintiff set

forth a short and plain statement of his claim and must be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to send Plaintiff a blank amended civil rights complaint form;

2. The September 28, 2016, third amended complaint is dismissed for a violation of Federal Rule of Civil Procedure 8(a)(2);

3. Plaintiff is granted leave to file a fourth amended complaint. The fourth amended complaint is due thirty days from the date of service of this order;

4. The fourth amended complaint must be a short, simple and concise statement of Plaintiff's claim, and may not exceed 25 pages in length; and

5. Should Plaintiff fail to file a fourth amended complaint in compliance with this order, the Court will dismiss and/or sever any and all unrelated claims set forth in the second amended complaint.

IT IS SO ORDERED.

Dated:  **February 23, 2017**

UNITED STATES MAGISTRATE JUDGE