# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BLAIR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | Case No. 1:14-cv-01156-LJO-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AS MODIFIED HEREIN ALLOWING ACTION TO PROCEED ON CERTAIN CLAIMS AGAINST CERTAIN DEFENDANTS, AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>[ECF Nos. 14, 17, 77] |

Plaintiff Perry C. Blair is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to United States magistrate judge jurisdiction on August 21, 2014. To date, Defendants have not consented or declined to United States magistrate judge jurisdiction.

On September 18, 2015, the Court found that Plaintiff's second amended complaint stated a cognizable claim for cruel and unusual punishment against Defendants Johnson, Ybarra, Alva, Chan, O'Daniels, Franco, Sanchez, Esqueda, Santos, and John Doe (Assistant Warden), a cognizable Eighth Amendment claim for deliberate indifference to a serious medical need against John Does #3, 4, 5, and 6, a cognizable due process violation against Defendants Santos, Esqueda, and Ybarra, and a cognizable retaliation claim against Defendant Johnson. (ECF No. 17.) The Court dismissed all other claims and Defendants for failure to state a cognizable claim for relief. (Id.) The Court indicated that

1

jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (Id.)

On February 9, 2016, Defendants filed a motion to sever claims and dismiss misjoined Defendants, along with a separate motion to dismiss. (ECF Nos. 32, 33.) On September 28, 2016, Defendants' motion to dismiss was granted in part and denied in pat. (ECF No. 55.) The Court denied Plaintiff's motion to sever the claims against Does Three and Six without prejudice and granted Plaintiff leave to amend to cure the defects in joinder. (Id.) Plaintiff filed a third amended complaint on February 24, 2017, which was dismissed with leave to amend. (ECF Nos. 56, 61.) Plaintiff then filed a fourth amended complaint on June 30, 2017, presenting allegations against Does Three through Six and against other individuals. (ECF No. 67.) However, Plaintiff indicated that he was willing to sever those claims from the instant action and proceed in this action based solely on the allegations presented in the second amended complaint. (ECF No. 68.) On August 1, 2017, the Court directed the clerk to open a new action and file the fourth amended complaint as the operative complaint in that action, which is proceeding as Blair v. Mendivil, et al., E.D. Cal. No. 1:17-cv-01015-DAD-SAB PC. (ECF No. 71.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017). Accordingly, the magistrate judge did not have jurisdiction to dismiss the claims and Defendants in its September 18, 2015 order. In light of the ruling in Williams v. King, on November 30, 2017, the Magistrate Judge issued Findings and Recommendations recommending that this action is proceeding against Defendants Johnson, Ybarra, Alva, Chan, O'Daniels, Franco, Sanchez, Esqueda, Santos and John Doe (Assistant Warden) for cruel and unusual punishment in violation of the Eighth Amendment, against Defendant John Does # 3, 4, 5, and 6, for deliberate indifference to a serious medical need, against Defendants Santos, Esqueda, and Ybarra for due process violations, and against Defendant Johnson for retaliation. It was further recommended that all other claims and Defendants be dismissed from the action for

failure to state a cognizable claim for relief. (ECF No. 77.) The Findings and Recommendations were served on the parties and contained notice that objections were to be filed within fourteen days.

On December 1, 2017, Defendants filed objections to the Findings and Recommendations. Defendants correctly point out that an action is already proceeding against Does Three and Six and those claims are now duplicative and will be addressed in the separate action of <u>Blair v. Mendivil, et al.</u>, E.D. Cal. No. 1:17-cv-01015-DAD-SAB PC. Accordingly, there is no basis to allow this action to proceed against Defendants Three through Six and the action shall proceed solely against Defendants Alva, Chan, Esqueda, Franco, Johnson, O'Daniels, Sanchez, Santos and Ybarra.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a de novo review of Plaintiff's case. The undersigned concludes the findings and recommendations are supported by the record and by proper analysis as modified herein.

Based on the foregoing, it is HEREBY ORDERED that:

1. The November 30, 2017 Findings and Recommendations are adopted as modified herein;

2. This action shall proceed against Defendants Johnson, Ybarra, Alva, Chan, O'Daniels, Franco, Sanchez, Esqueda, Santos and John Doe (Assistant Warden) for deliberate indifference, against Defendants Santos Esqueda and Ybarra for a due process violation, and against Defendant Johnson for retaliation; and

3. All other claims and Defendants are dismissed from the action for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: **January 3, 2018**        /s/ Lawrence J. O'Neill
                                                  UNITED STATES CHIEF DISTRICT JUDGE