# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BLAIR, <br><br> Plaintiff, <br><br> v. <br><br> CDCR, et al., <br><br> Defendants. | Case No.: 1:14-cv-01156-LJO-SAB (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION TO COMPEL <br><br> [ECF No. 88] |

Plaintiff Perry C. Blair is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed on March 2, 2018.

## I.
## RELEVANT HISTORY

This action is proceeding against Defendants Johnson, Ybarra, Alva, Chan, O'Daniels, Franco, Sanchez, Esqueda, Santos and John Doe (Assistant Warden) for deliberate indifference, against Defendants Santos, Esqueda and Ybarra for a due process violation, and against Defendant Johnson for retaliation. More specifically, Plaintiff contends that: (1) Defendant Johnson retaliated against him for using the grievance process by falsifying a final copy of a rules violation report; (2) Defendants Alva, Chan, Esqueda, Franco, Johnson, O'Daniels, Sanchez, Santos, and Ybarra told other inmates that Plaintiff was a "snitch"; (3) Defendants Alva, Chan, Franco, Johnson, O'Daniels, and Sanchez

1

housed Plaintiff with inmates with whom he was incompatible or failed to assist him with respect to his housing situation; and (4) Defendants Esqueda, Santos, and Ybarra committed due process violations in the investigation of and a hearing on two rules violation reports. The alleged misconduct took place at the Substance Abuse Treatment Facility and State Prison in Corcoran in 2013.

On August 30, 2017, Defendants filed an answer to Plaintiff's complaint.

On September 1, 2017, the Court issued the discovery and scheduling order.

On February 22, 2018, Defendants filed an exhaustion-related motion for summary judgment. Plaintiff filed an opposition on April 2, 2018, and Defendants filed a reply on April 9, 2018.

As previously stated, on March 2, 2018, Plaintiff filed a motion to compel. Defendants filed an opposition on March 23, 2018. Plaintiff did not file a reply and the time period to do has expired. Therefore, this motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 74, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v.

2

Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d

606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**III.**

**DISCUSSION**

On December 12, 2017, Plaintiff served his second set of requests for the production of documents. Defendants responded to the requests on January 26, 2018.

In the instant motion to compel, Plaintiff contends that Defendants have not adequately responded to nine of his requests for document production. Defendants argue that the requests seek documents that are already available to Plaintiff through a review of his central file. In addition, with regard to documents outside his central file, the requests ask Defendants to generate new documents that do not exist or comb through other inmates' files for items of tangential relevance to his case.

**A.     Request for Production of Documents**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1)

4

1    to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit
2    of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at
3    *3-4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate
4    objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408
5    F.3d at 1149.

    1.  Request for Production No. 1:

    "Plaintiff's entire C-File, including the confidential document from 6-12-13."

    Response to Request for Production No. 1:

    Defendants object to this request on the grounds that Plaintiff has equal access to the non-confidential portions of his central file. The request is not proportional to the needs of the case, considering the parties' access to the information, because it seeks documents that are already in Plaintiff's possession or more readily available to him through review of his central file. Defendants also object that the request is overbroad in scope because the contents of Plaintiff's entire central file are not relevant to the claims or defenses in this action. Fed. R. Civ. P. 26(b)(1).

    Defendants also object to the extent that the request calls for confidential documents in the confidential portion of Plaintiff's central file that are protected from disclosure. First, the request for a "confidential document from 6-12-13" is vague. Further, the request calls for confidential information that, if released, would threaten the safety of staff and inmates and compromise the security of the prison. Cal. Code Regs. tit. 15, §§ 3321, 3370(b)-(d), 3450(d)-(e); Cal. Gov. Code § 6254.

    Based on the foregoing objections, Defendants will not produce documents in response to this request. With regard to the confidential portion of Plaintiff's central file, Defendants identify confidential documents as listed in the privilege log which are withheld from production.

    Defendants' Opposition:

    As laid out above, Defendants are not required to produce documents that are equally available to Plaintiff. (Discovery and Scheduling Order at 2, ECF No. 74.) Plaintiff's institution has provided Plaintiff the ability to review his central file, which is all that is required under Rule 34 of the Federal Rules of Civil Procedure. Ahdom v. Lopez, Case No. 1:09-cv-01874-AWI-BAM (PC), 2013 WL

5406868, at *5 (E.D. Cal. Sept. 25, 2013). Notably, Plaintiff does not challenge Defendants' confidentiality designations or privilege log.

Plaintiff's motion asserts that his entire central file is relevant because Defendants "have attached labels" to his central file, which single Plaintiff out for harassment by inmates and correctional officers. (Pl.'s Mot. to Compel at 3:16-27, ECF No. 88.) But this allegation is not found anywhere in the SAC; Plaintiff alleges that Defendants have told other inmates that he is a "snitch and need[s] to get dealt with," but does not allege that any Defendant has attached any kind of special label to his central file. (Sec. Amd. Compl. at 16:23-26, ECF No. 14.)

Nor is such allegation plausible; it presupposes that Defendants have unlimited power over unrelated employees (and inmates) at multiple correctional facilities, and are using that power solely to make Plaintiff's life difficult. Finally, a simple inspection of the central file would reveal the label that Plaintiff alleges; there is no reason why Plaintiff requires copies of every page of his central file to determine if such a label exists. Plaintiff has had an opportunity to inspect his central file (and may request another, if he likes), and nothing more is required.

**Ruling:** Plaintiff's motion to compel a further response to Request for Production No. 1 is denied. As stated by Defendants, Plaintiff's institution has provided Plaintiff the ability to review his central file, and the only documents he could not view were confidential in nature to which he does not dispute. Plaintiff has failed to identify what additional information is necessary and relevant to his claims for which he is entitled. Accordingly, Plaintiff's motion to compel must be denied.

2. <u>Request for Production No. 2</u>:

"The Miranda warning, interrogation, and or I.G.I. Unit's video recording of Plaintiff's statement/confession/Miranda warning in connection with R.V.R. Log No. FA-15-08-2073."

<u>Response to Production No. 2</u>:

Defendants object to this request because it is compound and because the documents and materials requested are not relevant to any claim or defense in this action. Fed. R. Civ. P. 26(b)(1). Plaintiff's claims against Defendants Alva, Chan, Esqueda, Franco, Johnson, O'Daniels, Sanchez, Santos, and Ybarra arose in 2013 at California Substance Abuse Treatment Facility and State Prison,

1  Corcoran (SATF). But the Rules Violation Report Log Number FA-15-08-2073 was issued at another
2  institution in 2015. And, it does not involve any of the named Defendants.

Based on the foregoing objections, Defendants will not produce documents in response to this request.

Defendants' Opposition:

To the extent Plaintiff seeks documents related to rules violation report log no. FA-15-08-073, those documents are available in Plaintiff's central file and are thus equally available to Plaintiff.[1]

In addition, the rules violation report is not relevant to the allegations in the SAC. As explained in the response to Plaintiff's request for document production, the rules violation report at issue occurred at Kern Valley State Prison in August 2015, nearly two years after the allegations in the SAC. The rules violation report, which involves an incident in which Plaintiff was fighting with another inmate, was not issued by any of the Defendants, nor were any of the Defendants involved in the underlying conduct or resolution of the rules violation report. (Declaration of J. Barba ("Barba Decl.") ¶ 4, Ex. A.)

Plaintiff argues, without evidence, that Defendants conspired with employees at Kern Valley State Prison to fabricate this rules violation report. (Pl.'s Mot. Compel at 5:14-24, ECF No. 88.) But nowhere in the SAC does Plaintiff alleges that the Defendants conspired to create or falsify this rules violation report. Nor could it—Plaintiff received the rules violation report for conduct that occurred in August 2015, three months after he filed the SAC on May 4, 2015, and more than a year after he filed the initial complaint in this case on July 24, 2014. The rules violation report and associated items are not relevant. Carr v. Cate, Case No. 1:08-cv-01931-LJO-GBC (PC), 2011 WL 332423, at *2 (E.D. Cal. Jan. 31, 2011) (upholding, on reconsideration, magistrate judge's finding that rules violation report from an unrelated institution was not relevant under Rule 26).

**Ruling**: Plaintiff's motion to compel is denied. As stated by Defendants, to the Plaintiff seeks information relating to rules violation report log no. FA-15-08-073 such information is available in his

---

[1] The request and response refer to a rules violation report with log no. FA-15-08-**2**073. Plaintiff's file does not include a rules violation report with that log number. It does, however, contain a rules violation report with log no. FA-15-08-073, which appears to be the report Plaintiff refers to in the request and in his motion.

1 | central file for which he has had access. Furthermore, rules violation report FA-15-08-073 is not
2 | relevant to the claims presented in this action. Based on the evidence submitted by Defendants, the
3 | rules violation report log no. FA-15-08-073 was issued for conduct that took place in August 2015,
4 | three months after the second amended complaint was filed, and more than a year after the instant
5 | action was filed. (Barba Decl. ¶ 4, Ex. A.) Accordingly, Plaintiff's motion to compel a further
6 | response is denied.

       3.     <u>Request for Production No. 3</u>:

"Any and all investigative notes, affidavits, 602 administrative appeals, CDCR 22 request form or 6A 22 request form that are mentioned in Plaintiff's complaint or submitted by other inmates."

<u>Response to Request for Production No. 3</u>:

Defendants object to this request on the grounds that it is vague with respect to the phrase "mentioned in Plaintiff's complaint or submitted by other inmates," and overbroad in time and scope. The request fails to state with reasonable particularity the documents sought as required under Rule 23 of the Federal Rules of Civil Procedure. It is not clear which documents are encompassed by the request for "investigative notes." And, to the extent that Plaintiff seeks copies of administrative appeals or CDCR 22 request forms that he himself submitted, he has equal access to those documents through a review of his central file.

Moreover, Plaintiff's claims are limited to events occurring in 2013 at SATF. All "investigative notes, affidavits," grievances, or request forms submitted by other inmates are not relevant to any claim or defense. Requiring Defendants to produce irrelevant documents submitted by other inmates would be unduly burdensome, considering the parties claims and defenses, and would not be proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1). And responsive documents would include documents contained in other inmates' files, which are protected by the privacy rights of those inmates under section 3370 of Title 15 of the California Code of Regulations. Also, such documents may include information protected by the doctor-patient and psychotherapist-patient privileges.

Based on the foregoing objections, Defendants will not produce documents in response to this request.

8

Defendants' Opposition:

First, as explained above, any administrative appeals or request forms submitted by Plaintiff would be located in Plaintiff's central file, and are thus equally accessible to Plaintiff.

Second, to the extent the request is asking for documents that are not equally available to Plaintiff, the request is overbroad. As phrased, the request asks for "[a]ny and all investigative notes, affidavits, 602 administrative appeals, CDCR 22 request form or 6A 22 request form that are … submitted by other inmates." It is not limited by time, nor is it even limited to specific inmates whom Plaintiff contends have relevant information related to his claims. To completely respond to the request, Defendants would be obligated to produce every administrative appeal and every form 22 request form submitted by any inmate, ever. Plaintiff's motion also appears to acknowledge that the relevance of this request is largely speculative. (Pl.'s Mot. to Compel at 7:13-14 ["Other inmates may have filed § 602, and or request form[s] claiming that the correctional officers/defendants were trying to force incompatible housing", ECF No. 88.) Thus, the request is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); Calderon v. U.S. Dist. Ct. for the N. Dist. of Cal., 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expedition to investigation mere speculation."); Kowalski v. Stewart, 220 F.R.D. 599, 602 (D. Ariz. 2004) ("This Court agrees with Defendant's argument that photocopying, organizing, and taking adequate measures to ensure prisoner confidentiality for the previous thirteen years of prisoner complaints is unduly burdensome.").

Third, Plaintiff's request includes documents concerning private information regarding other inmates. As the Court is aware, inmates routinely submit administrative appeals regarding private issues such as medical care, including psychiatric care, as well as the panoply of other issues, many of which an inmate might not wish other inmates to know about. Cal. Code Regs. tit. 15, § 3084.1(a) (an inmate may appeal any issue "having a material adverse effect upon his or her health, safety, or welfare"). Even an appeal regarding a housing decision could reveal confidential information if, for example, an inmate is requesting a change in housing based on internal prison gang politicking or conflicts—the inmate might not want other inmates to know about his status (or lack thereof) in a particular prison gang or about problems that might put him in bad standing with a prison gang or

other inmates. Indeed, one of the central thrusts of Plaintiff's motion and the SAC is that Plaintiff would prefer that other inmates not know about a rules violation report that exists in his central file. Notably, Plaintiff's motion does not address Defendants' confidentiality objection.

**Ruling**: Plaintiff's motion to compel is denied. First, Plaintiff's request for production is vague as to documents "mentioned in Plaintiff's complaint or submitted by other inmates." Second, Plaintiff's request is overbroad in time and scope. It is not clear which documents fall within the request for "investigative notes." Further, to the extent Plaintiff seeks documents by himself, he has equal access to the documents by way of review of his central file. Lastly, Plaintiff's request includes documents relating to private information about other inmates. In sum, Defendants simply cannot respond to this request because the amount of materials is potentially limitless, and they cannot guess which documents Plaintiff may be seeking.[2] Accordingly, Plaintiff's motion to compel is denied.

        4.        Request for Production No. 4:

"Any and all inmate 602 administrative appeal filed by inmates alleging or challenging, forced marriage chrono and or housing with inmate that are considered incompatible cell mates."

Response to Request for Production No. 4:

Defendants object to this request on the grounds it is vague in its entirety and fails to state with reasonable particularity the documents sought as required under Rule 34 of the Federal Rules of Civil Procedure. Also, the request is overbroad as to time and subject matter. To the extent that Plaintiff seeks grievances that he has filed regarding a "forced marriage chrono" or housing with incompatible inmates, he has equal access to those documents through a review of his central file.

Grievances submitted by inmates other than Plaintiff regarding inmate housing or "marriage chronos" are not relevant to any claim or defense in this matter. Fed. R. Civ. P. 26(b)(1). The request may call for grievances submitted at institutions where the Defendants in this action did not work,

---

[2] In his motion to compel, Plaintiff contends that although he was granted access to review of his central file he could not make copies but staff was unreasonable because of his indigency. (Pl.'s Mot. to Compel at 8.) Plaintiff is advised that a litigant permitted to proceed in forma pauperis, such as in this case, is merely permitted to file his lawsuit without payment of the filing fee. See 28 U.S.C. § 1915. "In forma pauperis status does not entitle a prisoner to free copies of documents from the existing Court record." Armstead v. United States, Case No. C11-1352, 2012 WL 380280, at *1 (W.D. Wash. Feb. 6, 2012). Thus, Plaintiff is not entitled to free copies and he must comply with any and all institutional policies and procedures in obtaining any requested copies of documents.

which are also irrelevant. And producing complaints by all inmates incarcerated by the California Department of Corrections and Rehabilitation is unduly burdensome and not proportional to the needs of the case. Responsive documents would include documents contained in other inmates' files, which are protected by the privacy rights of those inmates under section 3370 of Title 15 of the California Code of Regulations.

Based on the foregoing objections, Defendants will not produce documents in response to this request.

Defendants' Opposition:

Plaintiff mentions this request for production in the motion to compel, but does not explain "why the information sought is relevant and why the responding party's objections are not meritorious." Puckett v. Zamora, Case No. 1:12-cv-00948-DLB (PC), 2015 WL 758289, at *1 (E.D. Cal. Feb. 23, 2015). Absent any such argument, the Court should not compel a further response to this request. And, as detailed above, the documents sought are either: (1) equally available to Plaintiff through a review of his central file; (2) not proportional to the needs of this case; or (3) confidential information about other inmates.

**Ruling**: Plaintiff's motion to compel is denied. Plaintiff's request for production is vague and overbroad as to time and subject matter. To the extent Plaintiff seeks grievances that he has filed relating to "forced marriage chronos" or housing with incompatible inmates, Plaintiff has equal access to such documents through his central file. Further, Plaintiff's request relating to inmate housing and "marriage chronos" are not relevant to any claim or defense in this matter, and such request is unduly burdensome and not proportional to the needs of this case. Accordingly, Plaintiff's motion to compel is denied.

5. Request for Production No. 5:

"A list of all in cell violence between cellies which occurred within the first 7 days of housing with new cell mates."

Response to Request for Production No. 5:

Defendants object to this request on the grounds that it would require them to create a new document—a list regarding in-cell violence—which is not a proper request under Rule 34 of the

11

Federal Rules of Civil Procedure. See Alexander v. F.B.I., 194 F.R.D. 305, 310 (D.D.C. 2000) (a party is not required to create a new document in response to a document request). And the request is vague in its entirety and fails to state with reasonable particularity the documents sought as required under Rule 34 of the Federal Rules of Civil Procedure.

Also, the request is overbroad as to time and subject matter. All instances of in-cell violence occurring within the California Department of Corrections and Rehabilitation are not relevant to the claims and defenses in this matter, and producing documents involving other inmates is unduly burdensome and not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). And the request may encompass documents addressing violence perpetrated on other inmates and contained in other inmates' files, which are protected by the privacy rights of those inmates under section 3370 of Title 15 of the California Code of Regulations.

Based on the foregoing objections, Defendants will not produce documents in response to this request.

Defendants' Opposition:

As explained in Defendants' response to this request, no such list involving in cell violence exists. Plaintiff's motion argues that Defendants could "cross reference" documents showing inmate cell pairings with any rules violation reports showing in cell violence to create such a list, but "[r]ule 34 only requires a party to produce documents that already exist." Van v. Wal-Mart Stores, Inc., Case No. C 08-5296 PSG, 2011 WL 62499, at *1 n. 1 (N.D. Cal. Jan. 7, 2011) ("A party responding to a Rule 34 document request cannot be compelled to prepare or create new documents."). So, no further response to the request is required.

To the extent that Plaintiff now claims that he is merely seeking documents related to inmate cell pairings or rules violation reports, those documents are, as described above, either: (1) equally available to Plaintiff through a review of his central file; (2) not proportional to the needs of this case; or (3) confidential information about other inmates.

**Ruling**: Plaintiff's motion to compel is denied. Defendants do not have possession of a document containing a list of "in-cell violence," and therefore Defendants cannot be directed to produce a document that does not exist. In addition, there is no requirement that Defendants create

such a document in response to Plaintiff's request. Further, the request is overbroad as to time and subject matter. All instances of in-cell violence that took place at CDCR are not relevant to the claims and defenses in this matter, and producing documents involving other inmates is unduly burdensome and not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Accordingly, Plaintiff's motion to compel is denied.

      6.     Request for Production Nos. 6, 9, and 10

Request Numbers 6, 9, and 10 all request various administrative appeals/complaints directed towards Defendants. The Court will therefore rules on all three requests together.

Request for Production No. 6:

"Any and all 602 administrative complaints against the named Defendant's in this complaint."

Response to Request for Production No. 6:

Defendants object to this request on the grounds that it is overbroad as to time and subject matter, and fails to state with reasonable particularity the documents sought as required under Federal Rule of Civil Procedure 34. "All" complaints submitted against Defendants are not relevant to the claims and defenses in this matter. Fed. R. Civ. P. 26(b)(1). Plaintiff has equal access to those administrative grievances that he submitted, and grievances submitted by other individuals are not relevant. And producing complaints submitted by other inmates is unduly burdensome and not proportional to the needs of the case. Also, responsive documents may include documents contained in other inmates' files, which are protected by the privacy rights of those inmates under section 3370 of Title 15 of the California Code of Regulations.

Based on the foregoing objections, Defendants will not produce documents in response to this request.

Request for Production No. 9:

"Any and all complaints (602 administrative appeals and or rights and responsibility complaints) against the Defendants for disposing of inmate appeals, legal documents, and or legal mail."

///

///

Response to Request for Production No. 9:

Defendants object to this request on the grounds it is overbroad with respect to time and subject matter. The documents requested are not relevant to the claims or defenses in this lawsuit, and the claims at issue in this lawsuit do not relate to the disposition of inmate appeals, legal documents, or legal mail. Fed. R. Civ. P. 26(b)(1). Also, the request is not proportional to the needs of the case because Plaintiff has equal access to, and is more familiar with, the grievances that he has filed. He is able to access those documents through a review of his central file.

To the extent that Plaintiff seeks grievances submitted by other inmates, they are not relevant to any claim or defense in this matter and the burden of responding to the request is not proportional to the needs of the case. And responsive documents would include documents contained in other inmates' files, which are protected by the privacy rights of those inmates under section 3370 of Title 15 of the California Code of Regulations.

Request for Production No. 10:

"Any and all documents or complaints against the Defendants for frustrating and or impeding inmate's i.e. (Investigative Employee) investigations or falsifying the reports."

Response to Request for Production No. 10:

Defendants object to this request on the grounds it is overbroad with respect to time and subject matter. Plaintiff fails to state with reasonable particularity the documents sought as required under Rule 34 of the Federal Rules of Civil Procedure. Also, the request is not proportional to the needs of the case because Plaintiff has equal access to, and is more familiar with, the grievances that he has filed. He is able to access those documents through a review of his central file.

To the extent that Plaintiff seeks grievances submitted by other inmates, they are not relevant to any claim or defense in this matter and the burden of responding to the request is not proportional to the needs of the case. And responsive documents would include documents contained in other inmates' files, which are protected by the privacy rights of those inmates under section 3370 of Title 15 of the California Code of Regulations.

Based on the foregoing objections, Defendants will not produce documents in response to this request.

Defendants' Opposition:

Similar to several of Plaintiff's other requests, these requests ask for documents that are: (1) equally available to Plaintiff through a review of his central file; (2) not proportional to the needs of this case; or (3) confidential information about other inmates.

In particular, Plaintiff's motion argues that Defendants' objections to these requests are improper because: (1) they do not explain why the request is overbroad; and (2) it is unfair to claim that the request is unduly burdensome merely because of Defendants' "inefficient filing system." (Pl.'s Mot. to Compel at 10:4-24, ECF No. 88.) The motion asserts that these arguments apply equally to Defendants' responses to requests for production numbers 4 through 10.

But the responses do explain why and how the requests are overbroad. They are overbroad with respect to time because the requests, as written, include all administrative complaints filed against any Defendant without regard to time period. They include time periods before the Defendants ever came into contact with Plaintiff and long after the allegations in the SAC, neither of which are relevant to Plaintiff's claims. Likewise, they are overbroad with respect to subject matter because they request all administrative complaints, without regard to the issues raised in those complaints. Even request numbers 9 and 10, which specify slightly narrower categories of complaints, ask for documents concerning unrelated claims of other inmates against Defendants, rather than Plaintiff's claims against Defendants.

For example, among Plaintiff's causes of action is a claim that Defendant Johnson fabricated a portion of a rules violation report. But request no. 10, as phrased, requests complaints, by any inmate, submitted at any time, against any of the nine Defendants related to "falsifying the reports." A complaint against, say, Defendant Alva, regarding the falsification of a report does not shed any light on whether Defendant Johnson might have falsified a report. Yet the request would require the production of such a document, if it exists. The argument adheres even more strongly to request numbers 6 and 9 because compliance with those requests would require the production of complaints concerning conduct that is wholly unrelated to the allegations in the SAC. Evidence that one of the Defendants interfered with an entirely unrelated inmate's legal mail, if it exists, for example,

15

1  demonstrates nothing with respect to Plaintiff's claim that a Defendant housed him with an
2  incompatible cellmate.

3  The request is also unduly burdensome because administrative appeals are maintained in the
4  central file of the inmate who filed the appeal. There is no way to search for all inmate appeals
5  identifying a particular individual or about a particular topic. Thus, full compliance with the requests
6  would require a search of the central file for every inmate who has come into contact with any of the
7  Defendants in this action. Even identifying such inmates would place an undue burden on Defendants.
8  (Barba Decl. ¶ 5.)

9  Nor is there an argument that the requested documents are relevant. As noted above, the
10 requests encompass documents that are entirely unrelated to Plaintiff's claims. None of Plaintiff's
11 claims revolve around the disposal of legal mail, documents, or inmate appeals. Request number 6
12 even requests all administrative complaints filed against any of the Defendants for any reason.

13 The motion asserts that Plaintiff wants these documents so that he can establish "Defendants'
14 characters as 'dirty correctional officers.'" (Pl.'s Mot. to Compel at 11:4-6, ECF No. 88.)
15 Defendants' characters are not at issue in this case, however, and the request appears to be seeking
16 inadmissible character evidence. Fed. R. Evid. 404(a); Adhom, 2013 WL 5406868, at *2. Evidence
17 of any administrative complaints, if they exist, is also not relevant because the existence of an
18 administrative appeal/complaint on any subject mentioning one of the Defendants does not make it
19 more or less likely that any of the Defendants engaged in the specific actions alleged in the SAC.
20 Evidence of prior accusations in general does not establish any element of Plaintiff's claims. See, e.g.,
21 Edwards v. Carey, Case No. S-05-1353-LKK-DAD (PC), 2006 WL 3437901, at *1 (E.D. Cal. Nov.
22 29, 2006) (denying motion to compel on request for "[a]ny and all complaints, grievances,
23 (administrative or civil, past or present, filed against the defendants in regards to family visiting").)

24 Plaintiff's motion also contends that these documents are relevant because they go to
25 Defendants' credibility by showing that they have committed past acts of moral turpitude.
26 Plaintiff's motion also contends that these documents are relevant because they go to
27 Defendants' credibility by showing that they have committed past acts of moral turpitude. (Pl.'s Mot.
28 to Compel at 12:14-22 (citing People v. Wheeler, 4 Cal.4th 284, 288 (1992)), ECF No. 88.) But the

requests seek evidence of prior bad acts that are different than those Plaintiff alleges in the SAC. Thus, any evidence introduced to impeach Defendants (if they even choose to testify) would be collateral to the scope of the case—evidence that a defendant previously, say, unfairly confiscated an inmate's property is different than evidence that a defendant previously housed two incompatible inmates together. As a result, Plaintiff would be unable to introduce extrinsic evidence of Defendants' misconduct under the Federal Rules of Evidence. United States v. Brooke, 4 F.3d 1480, 1484 (9th Cir. 1993) (extrinsic evidence, even of past conduct involving false statements, inadmissible to impeach credibility). Thus, Plaintiff would not be able to introduce evidence of such administrative complaints.

Nor does it make sense to say that evidence of Defendants' purported, and unrelated, misconduct towards other inmates is relevant to prove motive, intent, opportunity, habit, or routine. The subject of the administrative appeals/complaints requested is entirely different than the misconduct Plaintiff's claims allege. Generally, evidence of prior bad acts must "be similar to the offense charged," and there "must be sufficient proof for the jury to find that the defendant committed the other act" to be admissible. Duran v. City of Maywood, 221 F.3d 1127, 1132 (9th Cir. 2000) (evidence of subsequent similar police shooting not admissible in excessive force claim). Plaintiff's requests go far beyond acts that are similar to the claims he alleges; they ask for anything that shows that an inmate has made an administrative complaint against Defendants for any reason, ever. Similarly, evidence of an accusation does not establish that the accusation is true, much less provide sufficient proof for a jury to find so.

Given the lack of relevance, the requests are overbroad, and Plaintiff has not demonstrated that the documents are proportional to the needs of this case. Jackson v. Yates, Case No. 1:11-cv-00080-LJO-BAM (PC), 2014 WL 130478, at *2 (E. D. Cal. Jan. 13, 2014) (request for all staff complaints accusing defendant of excessive force "would require a search of the files for every inmate ever housed in a facility where [defendant] was employed" and was thus not proportional). The Court should not compel further responses to these requests.

**Ruling**: Plaintiff's motion to compel is denied. Defendants' objections are sustained. Plaintiff did not limit his requests for production numbers 6, 9, and 10 in time or scope. In addition, Plaintiff

has failed to demonstrate how any limited request as to such documents would be relevant to the claims in this action. See, e.g., Gamez v. Gonzalez, Case No. Case No. 1:08-cv-01113-LJO-GSA-PC, 2015 WL 236684, at *10 (E.D. Cal. Jan. 16, 2015) (Plaintiff may not simply assert that he is dissatisfied for general reasons with Defendants' objections, and that he wants an order compelling production of documents.) It is apparent that Plaintiff is seeking production of documents described in requests number 6, 9, and 10 in an attempt to show at trial that Defendants have a propensity for misconduct. But the requests seek evidence of prior bad acts that are different than those Plaintiff alleges in the SAC. Thus, Plaintiff's requests go far beyond acts that are similar to the claims he alleges; they ask for anything that shows that an inmate has made an administrative complaint against Defendants for any reason. Edwards v. Carey, 2006 WL 3437901, at *1. Accordingly, Plaintiff's motion to compel is denied.

7. Request for Production No. 8:

"Any and all documents filed on the defendants for falsifying documents, distributing inmates files or documents to other inmates or for facilitating gladiator fights between inmates or [e]xcessive force violations."

Response to Request for Production No. 8:

Defendants object to this request on the grounds that it is vague with regard to the phrase "filed on defendants," compound, and fails to state with reasonable particularity the documents sought as required under Rule 34 of the Federal Rules of Civil Procedure. The request is overbroad in time and scope. Also, the request is not proportional to the needs of the case because Plaintiff has equal access to, and is more familiar with, the grievances that he has filed. He is able to access those documents through a review of his central file.

To the extent that the request seeks documents submitted by other inmates, those documents are not relevant to any claim or defense in this action, and producing complaints by other inmates is unduly burdensome and not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Responsive documents may include documents contained in other inmates' files, which are protected by the privacy rights of those inmates under section 3370 of Title 15 of the California Code of

Regulations. To the extent that Plaintiff seeks other lawsuits against Defendants, these documents are public and equally available to Plaintiff.

Based on the foregoing objections, Defendants will not produce documents in response to this request.

Defendants' Opposition:

Like request for production number 4, Plaintiff mentions this request in the motion, but does not provide any argument "why the information sought is relevant and why the responding party's objections are not meritorious." Puckett v. Zamora, Case No. 1:12-cv-00948-DLB (PC), 2015 WL 758289, at *1 (E.D. Cal. Feb. 23, 2015). Without such argument, the Court should not compel a further response to this request.

In addition, the request does not make sense; it is unclear what "documents filed on defendants" refers. If the phrase means documents that have been filed in court, the documents are publicly available. If the phrase means administrative appeals that have been submitted by Plaintiff, the documents are equally available to Plaintiff through a review of his central file. If the phrase means administrative appeals that have been submitted by other inmates, the request calls for the production of third party confidential information without any relevant purpose.

In any case, the request does not "describe with reasonable particularity" the documents requested, as required by Rule 34(b)(1) of the Federal Rules of Civil Procedure, because it does not give Defendants "reasonable notice of what is called for and what is not." Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012) ("All-encompassing demands that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(1)(A)."). Thus, Defendants should not be compelled to respond to this request.

**Ruling**: Plaintiff's motion to compel is denied. Defendants' objections are sustained. Plaintiff's request is vague, compound, and does not state with particularity the documents for which he requests. In sum, Defendants simply cannot respond to this request because the amount of materials is potentially limitless, and they cannot guess which documents Plaintiff may be seeking. Accordingly, Plaintiff's motion to compel is denied.

///

### III.
### ORDER

Based on the foregoing, Plaintiff's motion to compel, filed on March 2, 2018, is DENIED.

IT IS SO ORDERED.

Dated: **April 24, 2018**

_____
UNITED STATES MAGISTRATE JUDGE