UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BLAIR,<br><br>        Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-01156-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COPY OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND RULING THAT COURT WILL CONSIDER SUR-REPLY FILED IN RESPONSE TO DEFENDANTS' REPLY<br><br>[ECF Nos. 95, 96] |

Plaintiff Perry C. Blair is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second request for a copy of his opposition in response to Defendants' motion for summary judgment, filed May 9, 2018.

As Plaintiff has been advised, the Clerk does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents. See 28 U.S.C. § 1914. Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees. The fact that the Court has granted leave for Plaintiff to proceed in forma pauperis does not entitle him to free copies of documents from the Court.

Plaintiff was advised in the Court's First Information Order issued on July 30, 2014, that "[i]f a party wants a file—stamped copy of a document returned for the party's own benefit, a copy for that purpose and a pre-addressed, pre-paid envelope must be included. The Court will not make copies of

1

filed documents or provide postage or envelopes for free even for parties proceeding in forma pauperis." (First Information Order, ECF No. 4, at ¶ I.)

Plaintiff requests a copy of his opposition in order to adequately respond to their reply. On the same date as the instant motion was filed, Plaintiff filed a 110-page sur-reply to Defendants' reply.

Plaintiff is advised that parties do not have the right to file sur-replies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a sur-reply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable sur-reply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). Although Plaintiff does not have a right to file a sur-reply, in this instance the Court will exercise its discretion and consider the sur-reply in ruling on Defendant's motion for summary judgment. In light of the filing of Plaintiff's sur-reply which will be considered by the Court, the Court finds it unnecessary to send Plaintiff a copy of his opposition and his request is therefore denied.

IT IS SO ORDERED.

Dated: __May 11, 2018__

UNITED STATES MAGISTRATE JUDGE