# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BLAIR,<br><br>    Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01156-LJO-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART AND DENYING IN PART DEFENDANTS' EXHAUSTION RELATED MOTION FOR SUMMARY JUDGMENT, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR EVIDENTIARY HEARING<br><br>[ECF Nos. 84, 99] |

Plaintiff Perry C. Blair is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On May 25, 2018, the Magistrate Judge filed a Findings and Recommendations recommending that Defendants' exhaustion related motion for summary judgment be granted in part and denied in part, subject to an evidentiary hearing. The Findings and Recommendations was served on the parties and contained notice that objections were to be filed within thirty days. Plaintiff filed objections on June 11, 2018.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

1

The Court has also reviewed Plaintiff's objections to the Findings and Recommendations. Plaintiff argues that he exhausted administrative remedies for his Eight Amendment claim regarding being labeled a snitch by Defendant Johnson by filing Appeal SATF-X-13-03692. ECF No. 100. In Appeal SATF-X-13-03692, Plaintiff complained that he was misquoted in a Rules Violation Report ("RVR") issued for possession of controlled substances, and requested that the misquote and other inaccuracies be corrected in the final copy of the RVR. ECF No. 99 ¶¶ 14-16. Specifically, the Appeal states that "[Johnson] has misquoted me in a legal document making me out to be a jail house snitch, consequently putting my life in jeopardy [and] immediate danger." ECF No. 84-4 at 11; Zamora Decl. Ex. B. The alleged misquoting of Plaintiff in the RVR is separate and distinct from the conduct forming the basis of Plaintiff's claim that "[i]mmediately after the hearing was over correctional officers [including Johnson] started telling all of the inmates house[d] in Build[ing] E-1 that the Plaintiff 'was a snitch and need [sic] to get dealt with.'" ECF No. 14 at 16. Johnson's actions outside of the rules violation hearing and issuance of the subsequent RVR were not the subject of Appeal SATF-X-13-03692. Additionally, Johnson's misquoting Plaintiff in the RVR forms the basis for a separate claim for retaliation, which remains pending in this case. Plaintiff's objections are therefore without merit.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on May 25, 2018, are adopted in full;

2. Defendants' exhaustion related motion for summary judgment is granted in part and denied in part, as follows:

    a. Plaintiff's Eighth Amendment claim regarding labeling him a snitch against Defendants Sanchez, Chan, Alva, Johnson, Ybarra, Esqueda and Santos is dismissed, without prejudice;

    b. Plaintiff's Eighth Amendment claim regarding housing him with inmate Russ against Defendants Chan and Sanchez is dismissed, without prejudice; and

    c. The matter is referred back to the Magistrate Judge for an evidentiary

hearing pursuant to <u>Albino v. Baca</u>, 747 F.3d 1162, 1170 (9th Cir. 2014), on Plaintiff's Eighth Amendment claim against Defendant Alva for housing him with inmate Baker and Due Process claim against Defendant Ybarra.[1]

IT IS SO ORDERED.

    Dated:   **July 30, 2018**                **/s/ Lawrence J. O'Neill**
                                                  UNITED STATES CHIEF DISTRICT JUDGE

---

[1] As stated in the Findings and Recommendation, although Defendants request an evidentiary hearing on all of Plaintiff's other claims for which they did not move for summary judgment, the Court will not adjudicate those claims at the evidentiary hearing because those claims were not presented and argued in the present motion. There is no basis for an evidentiary hearing on claims for which Plaintiff did not have fair and adequate notice by way of motion for summary judgment.

3