1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10

11   PERRY C. BLAIR,                        No.: 1:14-cv-01156-NONE-SAB (PC)

12            Plaintiff,

13      v.                                  **ORDER AFFORDING PLAINTIFF ADDITIONAL
                                            TIME TO FILE OBJECTIONS TO THE JANUARY
14   CDCR, et al.,                          29, 2020 FINDINGS AND RECOMMENDATIONS**

15            Defendants.                   (Doc. Nos. 130, 133)

16                                          **THIRTY DAY DEADLINE**

17          Plaintiff Perry C. Blair is appearing *pro se* and *in forma pauperis* in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19          On January 29, 2020, the assigned magistrate judge issued findings and recommendations

20   recommending that defendants' motion for summary judgment be granted.  (Doc. No. 133.)  Those

21   findings and recommendations were served on the parties and contained notice that objections thereto

22   were to be filed within twenty-one (21) days.  (*Id.*).

23          After receiving several extensions of time, plaintiff filed his objections on April 29, 2020.

24   (Doc. No. 143.)  In those objections, plaintiff asserts that it would be unfair for the court to grant

25   defendants' motion judge issued findings and recommendations recommending that defendants'

26   motion for because plaintiff has not had sufficient access to his legal materials or to the law library.

27   (Doc. No. 143.)  From the timeline plaintiff describes in his objections, he was allegedly transferred

28   to different prisons several times from late 2018 through early 2020.  (*See generally id.*)  Plaintiff

                                            1

assertions regarding lack of access to his legal materials span much of 2019 and early 2020, up through his transfer to his present institution of confinement in March 2020. (*Id*. at 2.) Plaintiff specifically asserts that as of late April 2020, he had yet to receive his legal materials. (*Id*.) In light of those objections, the court issued a minute order requiring defendants to file a statement "indicating whether they contend plaintiff has been provided with his legal materials and, if so, when." (Doc. No. 145.) In response, defendants explain in detail that as of May 29, 2020, plaintiff had been issued three boxes of legal materials (the maximum number of boxes he is permitted to possess in his cell), with two additional boxes stored elsewhere at the prison where plaintiff is currently incarcerated. (Doc. No. 146.) According to defendants, plaintiff is permitted to exchange "one-for-one" the boxes of legal materials he has in his cell with those in storage. (*Id*.) With regard to law library access, defendants indicate plaintiff has made no request for such access. (*Id*.) Plaintiff has presented no evidence to contradict or call into question defendants' assertions as to the materials he now has been provided access to or regarding his failure to request law library access. Nonetheless, defendants' response to the court's order does not address whether plaintiff was provided access to his legal materials at the time his objections to the pending findings and recommendations were due.

Therefore, in an abundance of caution, plaintiff will be permitted thirty (30) days from the date of this order to file objections to the January 29, 2020 findings and recommendations. Further extensions of time to do so will not be granted absent a compelling showing of truly exceptional circumstances is made.

IT IS SO ORDERED.

Dated: __July 9, 2020__           _Dale A. Drozd_

UNITED STATES DISTRICT JUDGE

2