UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BLAIR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　　Defendants. | No.: 1:14-cv-01156-NONE-SAB (PC)<br><br>ORDER GRANTING REQUEST FOR EXTENSION OF TIME, REQUIRING DEFENDANTS TO SERVE A COPY OF THE PENDING MOTION FOR SUMMARY JUDGMENT (DOC. NO. 130) AND JANUARY 29, 2020, FINDINGS AND RECOMMENDATIONS (DOC. NO. 133) ON PLAINTIFF, AND DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION<br><br>**FORTY-FIVE DAY DEADLINE**<br><br>(DOC. NO. 149, 150) |

　　　　Plaintiff Perry C. Blair is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Following the court's screening of the second amended complaint and dismissal of claims that were not exhausted through the administrative remedy process, the case proceeded on plaintiff's claims against Defendants Franco and O'Daniels for deliberate indifference (failure to protect); against Defendants Santos, Esqueda, and Ybarra for a due process violation; and against Defendant Johnson for retaliation. (*See* Doc. No. 133 at 1.)

　　　　On October 14, 2019, defendants filed a motion for summary judgment as to those remaining claims. (Doc. No. 130.) Plaintiff did not timely file any opposition. On January 29, 2020, the assigned magistrate judge issued findings and recommendations recommending that defendants'

1

motion for summary judgment be granted. (Doc. No. 133.) Those findings and recommendations were served on the parties and contained notice that objections thereto were to be filed within twenty-one (21) days. (*Id.*).

After receiving several extensions of time, plaintiff filed his objections on April 29, 2020. (Doc. No. 143.) In those objections, plaintiff asserted that it would be unfair for the court to grant defendants' motion because plaintiff has not had sufficient access to his legal materials or to the law library. (Doc. No. 143.) From the timeline plaintiff described in his objections, he was allegedly transferred to different prisons several times from late 2018 through early 2020. (*See generally id.*) Plaintiff's assertions regarding lack of access to his legal materials span much of 2019 and early 2020, up through his transfer to his present institution of confinement in March 2020. (*Id.* at 2.) Plaintiff specifically asserted in his objections that as of late April 2020, he had yet to receive his legal materials. (*Id.*) In light of those objections, the court issued a minute order requiring defendants to file a statement "indicating whether they contend plaintiff has been provided with his legal materials and, if so, when." (Doc. No. 145.)

In response, defendants explained that as of May 29, 2020, plaintiff had been issued three boxes of legal materials (the maximum number of boxes he is permitted to possess in his cell), with two additional boxes stored elsewhere at the prison where plaintiff is currently incarcerated. (Doc. No. 146.) According to defendants, plaintiff is permitted to exchange "one-for-one" the boxes of legal materials he has in his cell with those in storage. (*Id.*) With regard to law library access, defendants indicated plaintiff had made no request for such access. (*Id.*) Because defendants' response to the court's order did not address whether plaintiff was provided access to his legal materials at the time his objections to the pending findings and recommendations were due, plaintiff was permitted thirty (30) days from July 10, 2020, to file his objections. (Doc. No. 147 at 2.) The court warned plaintiff that "[f]urther extensions of time . . . will not be granted absent a compelling showing of truly exceptional circumstances." (*Id.*)

By way of a document dated July 16, 2020, and received by the court August 12, 2020, plaintiff requested an additional thirty (30) days to respond to defendants' motion for summary

2

judgment. (Doc. No. 149.) Construing his filing liberally, plaintiff again describes the history of his alleged problems accessing his legal materials due to his numerous transfers and specifically indicates that two boxes of his personal property "including his legal documents" were "disposed of" along the way. (*Id*. at 2.) In particular, he suggests that he has not had (and implies that he still does not have) access to a copy of defendants' motion for summary judgment. (*Id*. at 3.)

Plaintiff has also filed a document styled as a motion for preliminary injunction that requests: (1) another copy of the motion for summary judgment; and (2) access to the two boxes of legal material in storage at his current place of incarceration. (Doc. No. 150.)

The court can find nothing in the record that definitively refutes plaintiffs' assertion that he no longer has a copy of defendants' pending motion for summary judgment. Therefore, in an abundance of caution, the court will order defendants to re-serve the entire motion and all its attachments (Doc. Nos. 130–130-8), along with a copy of the January 29, 2020, findings and recommendations (Doc. No. 133), on plaintiff.

Defendants have already explained the "one-for-one" exchange procedure plaintiff must use to gain access to the two boxes of his legal materials that are in storage. Plaintiff does not suggest that he has attempted to utilize this option or that any such attempt was unsuccessful. Accordingly, the court will deny plaintiffs' request for a court order requiring defendants to provide him with the two boxes of his legal material that remain in storage.

**CONCLUSION AND ORDER**

For the reasons set forth above:

1. Defendants shall re-serve on plaintiff a copy of the entire pending motion for summary judgment and all of its attachments (Doc. Nos. 130–130-8), along with a copy of the January 29, 2020, findings and recommendations (Doc. No. 133);
2. Defendants shall thereafter file proof of service with the court;

/////

/////

/////

3

3. Plaintiff's request for an extension of time (Doc. No. 149) is GRANTED; his objections to the January 29, 2020, findings and recommendations (Doc. 133) shall be due ***forty-five (45) days***[1] from the date on which the above-mentioned copies are served upon him; and

4. Plaintiff's additional request for an order requiring defendants to provide him with access to the two additional boxes of legal materials in storage at his current place of incarceration (Doc. No. 150) is denied.

IT IS SO ORDERED.

Dated: **September 4, 2020**

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court is affording plaintiff more time to respond than he requested to account for possible delays in mail service due to the current public health crisis. Plaintiff is forewarned, however, that no further requests for the extension of time will be entertained absent truly extraordinary and ***new*** circumstances. In short, this is plaintiff's final opportunity to file his objections, if any, to the pending findings and recommendation which recommend that defendants' motion for summary judgment in their favor be granted.