UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY C. BLAIR,<br><br>        Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>        Defendants. | No.: 1:14-cv-01156-NONE-SAB (PC)<br><br>ORDER ADDRESSING PLAINTIFF'S DECEMBER 8, 2020 FILING AND ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 133, 155) |

    Plaintiff Perry C. Blair is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Following the court's screening of the second amended complaint and dismissal of claims that were not exhausted through the inmate grievance process, this case proceeded on plaintiff's claims against defendants Franco and O'Daniels for deliberate indifference (failure to protect); against defendants Santos, Esqueda, and Ybarra for a due process violation; and against defendant Johnson for retaliation. (*See* Doc. No. 133 at 1.)

    On October 14, 2019, defendants filed a motion for summary judgment as to those remaining claims. (Doc. No. 130.) Plaintiff did not timely file any opposition to that motion. On January 29, 2020, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment be granted. (Doc. No. 133.) Those findings and

1

recommendations were served on the parties and contained notice that objections thereto were to be filed within twenty-one days.  (*Id.*)

After receiving several extensions of time to do so, plaintiff filed his objections on April 29, 2020.  (Doc. No. 143.)  In those objections and in subsequent documents and requests for extensions, plaintiff indicated that he was having difficulty accessing his legal materials.  (*See* Doc. No. 151 (summarizing procedural history).)  Out of an abundance of caution, on September 4, 2020, the court ordered defendants to once again serve plaintiff with a copy of the entire pending motion for summary judgment, all of its attachments, and the January 29, 2020 findings and recommendations.  (*Id*. at 3.)  In addition, the court granted plaintiff one final, forty-five (45) day extension to file objections to the pending findings and recommendations.  (*Id*. at 4.)  In a footnote, the court indicated:

> The court is affording plaintiff more time to respond than he requested to account for possible delays in mail service due to the current public health crisis.  Plaintiff is forewarned, however, that no further requests for the extension of time will be entertained absent truly extraordinary and *new* circumstances.  In short, this is plaintiff's final opportunity to file his objections, if any, to the pending findings and recommendation which recommend that defendants' motion for summary judgment in their favor be granted.

(*Id*. at 4 n.1 (emphasis in original).)  Disregarding the court's instruction, plaintiff thereafter again requested a thirty-day extension of time, claiming once again that he had received inadequate access to the law library.  (Doc. No. 153 (indicating that his requests for access to the library have been ignored, "making it impossible for [him] to make copies of supporting documents").)  Because plaintiff had been afforded numerous extensions of time and was specifically warned by the court that further extensions would not be granted absent new and compelling circumstances, and because the court was not convinced that normal law library access was critical to any response plaintiff might file to the pending motion, the court denied plaintiff's requested extension.  (Doc. No. 154.)  Plaintiff was directed to file objections to the pending findings and recommendations on or before December 1, 2020 and was warned that if no objections were received by that deadline, the court would rule based upon the present record before the court.

On December 8, 2020, again instead of filing substantive objections to the findings and recommendations, plaintiff filed objections to the court's order denying his last request for an

2

extension of time. (Doc. No. 155.) In that document, plaintiff again asserts that his continued lack of access to the law library is making it impossible for him to file court documents because he does not have sufficient access to research tools; cannot arrange for copies to be made; and does not have sufficient supplies (including stationary). Plaintiff has been warned that no further requests or complaints of this nature would be entertained. It has now been more than a year since the findings and recommendations issued and more than nine months since plaintiff was afforded access to his legal materials. (*See* Doc. No. 147 at 2.) The court will therefore proceed to rule on the merits of the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. First, plaintiff claims that, in response to filing an inmate grievance, defendant Johnson retaliated against plaintiff by falsely finding him guilty of a Rules Violation Report for possession of a controlled substance (marijuana). However, it is undisputed that, aside from one inmate grievance concerning the prison law library, plaintiff did not file any inmate grievances against defendant Johnson or other SATF prison staff, and defendant Johnson had never met or encountered plaintiff prior to the disciplinary hearing. (*See* Doc. No. 133 at 10–11.) Second, plaintiff alleges that defendants Santos, Esqueda, and Ybarra violated his due process rights by denying him the opportunity to present witnesses at his disciplinary hearings, but the evidence before the court on summary judgment establishes that plaintiff called one witness during the first disciplinary hearing and declined the opportunity to present witnesses at the second hearing. (*See id.* at 11–13.) Finally, plaintiff claims that defendants Franco and O'Daniels failed to protect him from incompatible cellmates but neither of them were involved in deciding where to house inmates or in screening inmates for housing. (*See id.* at 13–15.) As for his claim that he was labeled a "snitch" or a "rat," plaintiff did not allege or present any evidence demonstrating that he was attacked by other inmates as a result of such labels. (*See id.* at 15.)

Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. Accordingly,

1. The findings and recommendations issued on January 29, 2020 (Doc. No. 133), are adopted in full;

3

2. Defendants' motion for summary judgment (Doc. No. 130) is granted;

3. Judgment shall be entered in favor of defendants; and

4. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated:   **April 8, 2021**                              /s/ Dale A. Drozd
                                                        UNITED STATES DISTRICT JUDGE